862 F.2d 871
 28 ERC 1871
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
A.J. LAMBERT; Greg Lambert; Mary Lambert; Fran Dotson,
individually and d/b/a Lambert Coal Company,
Defendants-Appellants.
 No. 87-2019.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 6, 1988.
Decided: Nov. 18, 1988.
Rehearing and Rehearing In Banc Denied Jan. 23, 1989.
 
 William Rogers McCall, for appellant.
 Gloria Jean Cawthorn (Roger J. Marzulla, Assistant Attorney General; John P. Alderman, United States Attorney; Robert S. More, United States Department of the Interior; Blake A. Watson, Department of Justice, on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, and SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Lambert Coal Company appeals from the district court's judgment finding it liable to the United States for reclamation fees under the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C.A. Sec. 1201, et seq. (1986), for coal produced from May 1980 to July 1982 in its number 14 and 44 mines, and dismissing its counterclaim for a refund of fees paid before May 1980.
 
 
 2
 The Surface Mining Control and Reclamation Act of 1977 provides for the assessment of a fee on coal mine operations to fund reclamation efforts (the Abandoned Mine Reclamation Fund). 30 U.S.C.A. Sec. 1232(a). The action underlying this appeal was brought by the government to recover May 1980 to July 1982 fees. Lambert had voluntarily paid fees until May 1980, but in its counterclaim attempted to recover those payments as having been erroneously paid.
 
 
 3
 Section 1278(2)[1] of the Act, and regulations issued pursuant to it, exempt mining operations that affect two acres or less. Lambert, in the belief that it was entitled to that exemption for the involved mines during the period May 1980 to July 1982, failed to pay assessments for that period.[2] The issue below and on appeal is whether Lambert was exempt from making the fee payments because its operations affected less than two acres during the involved periods. That in turn depends on whether the two mines (Lambert numbers 14 and 44) are "physically related" to other mining operations.
 
 
 4
 The government concedes that each mine individually affected less than two acres, but contends that each operation is "physically related" to another Lambert mining operation that must be included in determining whether the mining affects more than two acres. If the government's contention is correct, the exemption does not extend to the mines in question. The regulation in effect at the time of trial was promulgated in August 1982. It provides, in pertinent part, that the exemption applies when the operation
 
 
 5
 (b) ... together with any related operations, has ... an affected area of two acres or less. For purposes of this paragraph:
 
 
 6
 * * *
 
 
 7
 * * *
 
 
 8
 (2) ... surface coal mining operations shall be deemed related if they occur within twelve months of each other, are physically related, and are under common ownership or control.
 
 
 9
 (i) Operations shall be deemed physically related if drainage from both operations flows into the same watershed at or before a point within five aerial miles of either operation.
 
 
 10
 30 C.F.R. Sec. 700.11(b) (1987).
 
 
 11
 A 1979 Department of the Interior Office of Surface Mining Reclamation and Enforcement regulation defined the two-acre exemption prior to 1982. Its language concerning mines that affected two acres or less disqualified from the exemption any operation that "affects ... more than two acres at physically related sites." 44 Fed.Reg. 15315 (Mar. 13, 1979). Unlike the 1982 regulation, the 1979 regulation did not define "physically related."[3]
 
 
 12
 Lambert contended in the district court and argues on appeal that, as it was defined in the 1979 regulations, the "two-acre rule" exempted it from responsibility for reclamation fees. The district court ruled, however, that Lambert does not qualify for the exemption under the 1979 regulation as interpreted in light of the more detailed description of the term "physically related" in the 1982 regulation. It interpreted the 1979 regulation in this fashion because it held that the 1982 regulation in this respect only settled and clarified the meaning of the 1979 regulation.
 
 
 13
 Applying to the evidence the 1979 regulation as thus interpreted, the district court held that both Mines 14 and 44 were physically related to other operations, making them ineligible for the two-acre exemption. It held Lambert liable for those reclamation fees unpaid for the April 1980 quarter through July 1982, and dismissed Lambert's claim for a refund.
 
 
 14
 Lambert argues here that the district court's interpretive action constituted an improper retroactive change of the settled law contained in the 1979 regulation. We agree, however, with the well-reasoned opinion of the district court, and affirm based on its opinion.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Repealed May 7, 1987. 30 U.S.C.A. Sec. 1278 (Supp.1988)
 
 
 [2]
 Lambert concedes that under amended regulations it is not entitled to the exemption after July 1982, and fees due since that date are not in issue
 
 
 [3]
 The regulation in effect prior to that time (the 1977 regulation) did not except from the exemption mines that affected more than two acres only when considered in combination with another mine, and therefore contained no mention of physically related sites